## J. M. HOWIE v. R. R. REA.

The evidence of a witness who stated: "I have no present recollection of the transaction, and can only speak now of the amount by what I swore on a former trial of this action," is inadmissible, and was properly ruled out by the Judge below.

CIVIL ACTION, upon a special contract, with a count in the nature of a *quantum valebat,* tried before SCHENCK, J., at Spring Term, 1876, of MECKLENBURG Superior Court.

The plaintiff ought to recover of the defendant $462.80 for a lot of castings, upon a special contract, with a count in the nature of a *quantum valebat,* under the suggestion of this Court, in a former report of the case. See 70 N. C. Rep., 559.

Several counter-claims were set up in the defendant's answer, and among them a claim for certain goods alleged to have been furnished the plaintiff by one Wilkes, at the request of the defendant.

To prove the delivery of these goods, the defendant introduced Wilkes, who testified: "I kept three books in my business; one of original entries, one day book and one journal and ledger. The book of original entries would show, within a few dollars, what Howie got on Rea's account. I had this book before last Court, and examined it, but it is now lost. The entries were sometimes made by myself and sometimes by a clerk. I do not recollect whether I delivered the articles or not. I have no present recollection of the transaction, and can only speak now of the amount, by what I swore on a former trial of this action." Plaintiff objected to witness speaking of the account. Objection sustained, and defendant excepted.

There was a verdict for the plaintiff, and judgment for $227.00 and interest. From this judgment, defendant appealed.

*Flemming, Jones & Johnston,* and *Busbee & Busbee,* for appellant.

*Dowd,* contra.

PEARSON, C. J. We concur with his Honor in the opinion that the evidence was not admissible. The question is a new one, and is not alluded to in the books. So it must be decided by the aid of legal analogies and the reason of the thing.

What a witness swore on a former trial may be proved on a second trial, provided the witness be dead. This rule is put on the ground of necessity, for the party shall not lose the benefit of evidence by the act of God if it can be supplied by a substitute, authenticated by the two great tests of truth, an oath and a cross examination. In our case the witness is living and present in Court. So the analogy does not apply.

When a deed or other instrument is lost or destroyed, the party may read a copy or give evidence of its contents by giving notice, &c. This rule is put on the ground that a party shall not lose the benefit of evidence by the effect of a mere accident, if he be able to prove the contents of the lost paper. The analogy does not apply, for in such case the lost paper was direct evidence to be offered and read to the jury, whereas, in our own case, the lost "book of entries" was not direct evidence, and could not have been offered and read to the jury; but was only allowed to be used by the witness in order to *refresh his memory.* If after referring to the entries, he was able to say that his memory was so far refreshed as to enable him to recollect the fact that the goods had been delivered, it was admissible for him so to state to the jury. Note the diversity.

It is somewhat curious that the witness has "no present recollection of the transaction," and cannot testify in the absence of the book of entries, although at the present trial

he stated (we presume, by having his memory refreshed,) he did recollect the transaction. This tends to show that at the former trial he, in effect, spoke from "the book of entries," and not from his recollection revived thereby. This was a departure from the principle on which the rule is founded, to-wit, persons, especially old persons, may have no recollection of a transaction, but upon being shown a paper or an entry will then have the recollection of the matter recalled, and can then give testimony founded on this knowledge of the matter. This, I can assert as a truth, from personal experience. The rule is founded on this truth, but the witness must then speak from his recollection, and not from the book of entries or other papers. The rule extends to any circumstance by which the memory of the witness is refreshed, and his knowledge of the matter is recalled, for instance, if by referring in his own mind to what he had stated on a former trial, the matter is recalled, and he is enabled to say that he now has a recollection of it, he may state it to the jury; but this is altogether different from our case, where the witness says he has no present recollection of the transaction, and is offered to prove what he had sworn to at the former trial, as direct substantive evidence.

No error.

PER CURIAM.                                    Judgment affirmed.